Zhu v. Lynch

BIA
Christensen, IJ
A205 029 995

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of November, two thousand sixteen.

PRESENT:
>         JON O. NEWMAN,
>         BARRINGTON D. PARKER,
>         CHRISTOPHER F. DRONEY,
>             *Circuit Judges.*

_____

XIU WEN ZHU,
>         *Petitioner,*

v.

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
>         *Respondent.*

15-128
NAC

_____

FOR PETITIONER:            Zhou Wang, New York, N.Y.

FOR RESPONDENT:            Benjamin C. Mizer, Principal Deputy Assistant Attorney General; John W. Blakeley, Assistant Director; Katharine E. Clark, Senior Litigation Counsel; Madeline E. Dang, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED IN PART and DENIED IN PART.

Petitioner Xiu Wen Zhu, a native and citizen of China, seeks review of a December 22, 2014, decision of the BIA affirming an August 1, 2013, decision of an Immigration Judge ("IJ") denying Zhu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiu Wen Zhu,* No. A205 029 995 (B.I.A. Dec. 22, 2014), *aff'g* No. A205 029 995 (Immig. Ct. N.Y. City Aug. 1, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

I. <u>Asylum</u>

We dismiss Zhu's petition as it relates to the agency's pretermission of his asylum application as untimely. An asylum application must be filed within one year of an applicant's arrival in the United States, absent changed or extraordinary

2

circumstances.  8 U.S.C. § 1158(a)(2)(B), (D).  We lack jurisdiction to review a denial of asylum on timeliness grounds.  8 U.S.C. § 1158(a)(3).  Although we retain jurisdiction to review "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), Zhu does not raise any such claim.  He challenges only the credibility determination on which the timeliness ruling was based.  Accordingly, he challenges only factual findings that we do not have jurisdiction to review in this context.  *See Xiu Xia Lin*, 534 F.3d at 165 (observing that credibility is a factual finding reviewed for substantial evidence).

## II.  Credibility

Although we cannot reach the adverse credibility determination in addressing asylum, we have jurisdiction to review it in considering the denial of withholding of removal and CAT relief.  Having done so, we conclude that substantial evidence supports the agency's decision.

For applications like Zhu's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his or his witness's statements, "without regard to whether" those inconsistencies

3

go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

The credibility determination was properly based on the extensive inconsistences between the testimony of Zhu and his "one-year witness" in support of his asylum application, and internal inconsistencies in the witness's testimony. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. For example, Zhu testified that he had not seen the witness since April 2010; but the witness testified that Zhu has lived with him in Brooklyn for the past two years. The witness also testified inconsistently regarding where he was living and working and for how long he had been working in Louisiana; when and how he had been in contact with Zhu just prior to Zhu's arrival in New York; and what he had done the morning of the hearing. To the extent that the witness testified that he had been ill and had seen a doctor that morning to account for his inconsistent testimony, the agency reasonably rejected the explanation as there was no supporting evidence and the testimony was inconsistent with prior testimony. *See Majidi*

4

*v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." (internal quotation marks omitted)).

The credibility determination is further supported by the omission of Zhu's arrest and detention from his Chinese pastor's letter. *See Xiu Xia Lin*, 534 F.3d at 166-67 & n.3 ("An inconsistency and an omission are . . . functionally equivalent" for credibility purposes). The letter states that Zhu attended church activities and passionately spread the Gospel; however, it says nothing of Zhu's purported arrest and detention for attending the church. Although Zhu asserted that his pastor omitted this information because the sole purpose of the letter was to corroborate Zhu's membership in the underground church, the agency was not required to credit this explanation. *See Majidi*, 430 F.3d at 80; *Xiu Xia Lin*, 534 F.3d at 166-67 & n.3.

Zhu does not explicitly challenge the agency's conclusion that his corroborating evidence was entitled to minimal weight and was therefore insufficient to rehabilitate his credibility. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). And

disregarding this waiver, the agency did not err in concluding that the lack of reliable corroboration further undermined Zhu's credibility. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (recognizing that "[a]n applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question" or is viewed as suspicious). The agency reasonably gave minimal weight to the letters from Zhu's mother, friend, and fellow church member in China on the ground that they were from interested witnesses not subject to cross examination. *See Matter of H-L-H- & Z-Y- Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

Based on the foregoing inconsistencies, omission, and insufficient corroboration, the totality of the circumstances supports the credibility determination. *Xiu Xia Lin*, 534 F.3d at 167. Zhu's challenge to the credibility determination is that even if the testimony on the one-year issue was entirely fabricated, it should have no bearing on the remaining testimony and evidence in support of his claim. We disagree. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("In the immigration context, corroborating evidence is often limited,

6

and the petitioner's credibility is almost always crucial.  So a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence."). Moreover, Zhu ignores that the credibility determination was also based on the omission of his arrest and detention from his Chinese pastor's letter, which directly related to his main claim of past harm in China.

The credibility determination is dispositive of withholding of removal and CAT relief because both claims were based on the same factual predicate.  *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).  We therefore deny Zhu's petition as it relates to the denials of these forms of relief.

For the foregoing reasons, the petition for review is DISMISSED IN PART and DENIED IN PART.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7